### VILLONE v. FEINSTEIN et al.

(Supreme Court, Appellate Division, Second Department. April 23, 1909.)

1. VENDOR AND PURCHASER (§ 337*)—REMEDIES OF PURCHASER—LIEN FOR PURCHASE MONEY.

   A vendee would have an equitable lien on the land for the amount paid on the contract on failure to convey, but it would not affect superior rights existing at the time of the contract.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Cent. Dig. § 989; Dec. Dig. § 337.*]

2. DOWER (§ 27*)—INCHOATE INTEREST—RIGHTS OF WIFE—SALE SUBJECT TO DOWER.

   A vendee's equitable lien for the amount paid on the contract would not affect the inchoate right of dower of the vendor's widow, where she did not join in the contract, so that a foreclosure to satisfy the vendee's lien would be subject to her dower, unless it was satisfied out of the proceeds of the property.

   [Ed. Note.—For other cases, see Dower, Dec. Dig. § 27.*]

3. VENDOR AND PURCHASER (§ 337*)—REMEDIES OF PURCHASER—LIEN FOR PURCHASE MONEY—ACTIONS TO ENFORCE—JUDGMENT.

   In an action by a vendee against the vendor's widow and his heirs for the specific performance of a contract of sale signed by the vendee alone, and to establish a lien for the amount paid under the contract, it was error to direct a personal judgment against the widow and heirs for any deficiency upon the sale of the land upon foreclosure, as such deficiency must be satisfied out of the vendor's estate.

   [Ed. Note.—For other cases, see Vendor and Purchaser, Dec. Dig. § 337.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from Special Term, Kings County.

Action by Nicola Villone against Jennie Feinstein, individually and as administratrix of the estate of Benjamin Feinstein, deceased, and others. From a judgment for plaintiff, defendants appeal. Affirmed as modified.

Argued before HIRSCHBERG, P. J., and GAYNOR, BURR, RICH, and MILLER, JJ.

Otto Greenberger (Barnett E. Kopelman, on the brief), for appellants.

Nathan Ballin, for respondent.

MILLER, J. This action was brought for the specific performance of a contract of purchase and sale of real property, or in the alternative for damages. On the trial the plaintiff was permitted to amend the complaint so as to ask that he be decreed to have an equitable lien for the amount paid pursuant to the contract, and for the foreclosure thereof. The action is brought against the vendor's widow, both individually and as administratrix of his estate, and his heirs at law, infants. The widow was not a party to the contract. The judgment directs the foreclosure of the plaintiff's lien and the sale of the premises to satisfy it, and a judgment against all the defendants individually for any deficiency.

There can be no doubt that the plaintiff was entitled to an equitable lien for the amount paid on the contract (Elterman v. Hyman, 192 N. Y. 113, 84 N. E. 937); but, as the vendor's wife did not join in the contract, her inchoate right of dower was not affected by it. She never agreed to release that right. She could not have been compelled to join her husband in a deed, and she cannot be deprived of a right consummate, which, when inchoate, she could not have been compelled to release. While the vendee has an equitable lien for the amount paid on the contract, that lien cannot affect superior rights existing at the time the contract was made. Unless the widow's dower is admeasured and satisfied out of the proceeds of the sale, the premises must be sold subject to it. It was also error to direct a personal judgment against the widow and the heirs at law for any deficiency. The respondent is unable to assign any reason for such a judgment, and manifestly none exists. The plaintiff must look to his vendor's estate for the satisfaction of any deficiency judgment.

The judgment should be modified accordingly, and, as thus modified, affirmed, without costs. All concur. Settle order before MILLER, J.